# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DONTRE K. JOHNSON,**

    Petitioner,

  v.                                                      Case No. 19-CV-577

**BRIAN FOSTER,**

    Respondent.

## RULE 4 ORDER

Dontre K. Johnson, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Johnson was convicted of two counts of repeated sexual assault of a child and was sentenced to forty years of imprisonment, consisting of twenty-six years of initial confinement followed by fourteen years of extended supervision. (*Id.* at 2.) Johnson alleges that his conviction and sentence are unconstitutional. On September 24, 2019, Magistrate Judge David Jones entered an order pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (Docket # 10.) In the order, Judge Jones found Johnson's habeas petition untimely pursuant to 28 U.S.C. § 2244(d)(1)(A); however, noted that he had insufficient information to determine whether Johnson's petition was timely under § 2244(d)(1)(B)–(D). (*Id.* at 3.) As such, Judge Jones gave Johnson an opportunity to show cause as to why his petition should not be dismissed. (*Id.* at 4.) The case was subsequently reassigned to me and Johnson again consented to magistrate judge jurisdiction. (Docket # 11.)

Johnson filed a response to the show cause order, arguing that pursuant to 28 U.S.C. § 2244(d)(2), a properly filed post-conviction motion tolls the statute of limitations while it is pending. (Docket # 12.) Johnson is correct and the court miscalculated the timeliness of Johnson's petition under 28 U.S.C. § 2244(d)(1)(A).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically, the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

> and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Considering Johnson's claim under 28 U.S.C. § 2244(d)(1)(A), I note that Johnson sought direct review of his conviction. (Docket # 1 at 3.) The Wisconsin Supreme Court denied his petition for review on August 5, 2015 and Johnson did not seek certiorari in the United States Supreme Court on his direct appeal. (*Id.* at 4.) Thus, direct review of his conviction ended when his time to do so expired, ninety days after the Wisconsin Supreme Court denied his petition for review. *See Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002). Ninety days after August 5, 2015 was November 3, 2015. For purposes of habeas review, Johnson's one-year statute of limitations began to run the next day, on November 4, 2015. *See Anderson*, 281 F.3d at 675.

However, a properly filed motion for post-conviction relief in state court tolls the one-year habeas statute of limitations, 28 U.S.C. § 2244(d)(2), and Johnson filed a Wis. Stat. § 974.06 motion for postconviction relief in the circuit court collaterally attacking his conviction on May 5, 2016. (Docket # 1 at 4.) Thus, while the one-year statute of

limitations was tolled on May 5, 2016, it was running from November 4, 2015 until May 4, 2016. In other words, as of May 4, 2016, 183 days of Johnson's 365-day statute of limitations had already run. The Wisconsin Court of Appeals affirmed the trial court's decision on August 14, 2018 (Docket # 1-1 at 13) and the Wisconsin Supreme Court denied Johnson's petition for review on December 11, 2018 (Docket # 1-1 at 29). Johnson's statute of limitations began running again on December 12, 2018, the day after the supreme court's decision. Again, 183 days of the 365-day statute of limitations had already run at this point; thus, as of December 12, 2018, Johnson had 182 days to file his federal habeas petition (365 days minus 183 days). Thus, Johnson had to file his federal habeas petition by June 13, 2019 and the petition was in fact filed on April 19, 2019. (Docket # 1 at 12.) In the prior decision, the court failed to account for the *entire* time Johnson's post-conviction motion was pending, including the time before the Wisconsin Court of Appeals and the Wisconsin Supreme Court. (Docket # 10 at 3.) *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). As such, Johnson's habeas petition is in fact timely filed.

Johnson's habeas petition alleges ineffective assistance of counsel. (Docket # 1-1 at 1–2.) Johnson appears to have exhausted his state court remedies. (*Id.* at 3–29.) As Johnson's petition sets forth a cognizable constitutional claim and he appears to have exhausted his state court remedies, summary dismissal under Rule 4 is not appropriate and the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that a copy of Johnson's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY** (60) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file an additional brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file his brief; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 1st day of November, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge